In the matter of the appeal of JOHN L. DALE from the decree of the Orphans Court of the County of Cape May, admitting to probate a certain paper-writing as the last will and testament of Helen A. Post, deceased.

[Submitted October term, 1943. Decided March 9th, 1944.]

Mr. *Herbert F. Campbell,* for the appellant.

Mr. *Palmer M. Way,* for the appellee.

The opinion of the court was delivered by

HAGUE, J.

This appeal brings up for review a decree of the Prerogative Court, advised by Vice-Ordinary Sooy, dismissing a petition of appeal from a decree of the Orphans Court of Cape May County. The decree of the Orphans Court had admitted to probate the will of the decedent, Helen A. Post. The surrogate had previously admitted the will to probate. There is one ground of appeal. It alleges that the manner in which "the trial court conducted the order of proof and the examination of the witnesses constituted an abuse of discretion which warrants a reversal."

On the appeal from the order of the surrogate it became the duty of the proponent of the will to prove the same in solemn form. The attesting witnesses were Mrs. DeSchreiber

and Mrs. Rawley, who were daughter and mother, respectively. Mrs. DeSchreiber had drawn the will at the request of the testatrix. At the conclusion of the examination in chief of the first witness, Mrs. DeSchreiber, counsel for the caveator asked leave to reserve his right of cross-examination which was granted. At that particular point the testimony of the witness was insufficient to show proper execution of the will; it had not been proven that testatrix had declared the instrument to be her last will and testament in the presence of the witnesses and that she had signed it in their presence and that they had signed in the presence of the testatrix and of each other, at the request of the testatrix. The second witness, Mrs. Rawley, was then called and at the conclusion of her testimony counsel for the caveator did not cross-examine but moved that the will be denied probate. The court then questioned the witness and said: "Who signed first? Witness: I think I did. The court: Who signed next? The witness: My daughter. The court: And who signed last? The witness: Mrs. Post [the testatrix] after she had read and looked at the signature and after she read it over." Whereupon counsel for the caveator stated: "It now appears that there was no valid execution of this will * * *." This statement was obviously correct. The court then retired to chambers with both counsel and the state of case shows there was an "off the record discussion." What the discussion was does not appear. It then appears that the court determined to permit counsel for the proponent to recall Mrs. DeSchreiber who first testified. Counsel for the caveator objected. The court permitted further examination because, as he said, referring to the testimony of Mrs. DeSchreiber, she had not been asked in what order "the witnesses and the testatrix subscribed their names to the purported will." The hearing was then resumed in open court and Mrs. Rawley, the second witness, was recalled. Upon being asked again about the signing of the will and who signed first, she answered as follows: "Since they asked me a little while ago, I think I was mistaken in that I signed first. I think Mrs. Post signed first * * *." "Q. Who signed next? A. I think I did. Q. Who signed the third time? A. My daughter."

504

These questions were asked by the court and caveator did not cross-examine. Mrs. DeSchreiber was also recalled and examined by counsel for the proponent. She testified the testatrix signed the will first, then Mrs. Rawley signed, and then she, this witness, signed. She also said that her mother, Mrs. Rawley, was 72 years old and that on occasion she had "trouble remembering things." On cross-examination the witness denied that she had prompted her mother or attempted to correct her testimony while the court and counsel were in the judge's chambers, whereupon the court interrogated the witness and the witness replied that she remembered distinctly the order in which the signatures were made on the instrument giving as a reason for her recollection that since they were witnessing a signature they as witnesses should not sign prior to the testatrix signing. The court and counsel again retired to the judge's chambers. There was no attestation clause annexed to the will. The court found that the statutory requirements respecting execution of a will had been proved; that one of the witnesses, Mrs. DeSchreiber, testified to all the requisites of due execution while the other witness, her mother, who, although she first stated that she signed as witness before the testatrix had affixed her signature, did, after recollection, remember "that the testatrix had signed first and she signed later." The will was admitted to probate. The court, in admitting the will, stated that from his observation of the witnesses "and their demeanor on the stand and their manner of response and the fact that they appear to testify in a straightforward manner," he considered that the will should be admitted to probate.

We do not think that the action of the trial court in permitting the recall of the witness, Mrs. Rawley, and the supplemental examination of the witness, Mrs. DeSchreiber, amounted to an abuse of discretion. The hearing, after Mrs. Rawley had first testified, might be considered as closed and as a general rule additional testimony should not be taken after the conclusion of the case. (*Wigmore on Evidence,* § *1878.*) Yet the trial court has discretion in such a situation. The reason for the rule, as Professor Wigmore points out, is that additional evidence should not be taken after the

argument, because it opens up an opportunity for the "deliberate coloring or manufacture of testimony to suit some specific need which may be apparent only after the opposing counsel's argument has revealed where the emphasis of his claim is placed and what conclusion he founds upon the evidence as already presented." But this learned authority also says in the same section, *supra:* "Nevertheless situations may easily arise in which an honest purpose may justly be served without unfair advantage, by admitting evidence at this stage; and it has always been conceded that the trial court's discretion should not be hampered by an inflexible rule." We think that the witness, Mrs. Rawley, who was lay person, was not informed of the basis of caveator's legal objection by anything that was said by him in open court. At that point he said: "It now clearly appears that there was no valid execution of this will in that everything required to be done by the testatrix was not done before the things that were required to be done by the witnesses." This statement was not very informing to the ordinary lay person. The learned Vice-Ordinary entertained this same view and we think rightly so. The learned judge in the Orphans Court had observed the witnesses, particularly Mrs. Rawley as she testified, and had every opportunity to appraise her credibility. His conclusion that this witness was confused in her first appearance on the stand and was correct and truthful in her testimony when re-examined is a conclusion that we think was justified.

The decree of the Prerogative Court will be affirmed, but without costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 15.

*For reversal*—None.